UNITED VAN LINES, INC., a Missouri Corporation, Plaintiff-Appellant,

v.

Julian W. CLAUDE, Defendant-Respondent.

No. 37754.

Missouri Court of Appeals, St. Louis District, Division Two.

April 19, 1977.

N. P. Trimborn, Fenton, for plaintiff-appellant.

Donald R. Wilson, Clayton, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a judgment in favor of defendant in a court-tried case.

228

Plaintiff, a common carrier, sought to recover $404.35 for transportation charges. Upon plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings, the court entered judgment for defendant.

Plaintiff moved household goods of defendant from Barrington, Illinois to St. Louis. Prior to the movement of these goods, defendant paid plaintiff $1,428.81 and defendant received a bill of lading marked "Received payment". Due to an error by plaintiff this amount was $404.35 less than the prescribed rate under plaintiff's Interstate Commerce Commission tariffs. Upon discovering the mistake several months later, plaintiff demanded payment from defendant of the balance due under the tariff and defendant refused payment. Defendant contends plaintiff is estopped by the bill of lading from collecting the full tariff rate.

The Interstate Commerce Act, 49 U.S.C. 317(b) provides:

"No common carrier by motor vehicle shall charge or demand or collect or receive a greater or less or different compensation for transportation or for any service in connection therewith between the points enumerated in such tariff than the rates, fares and charges specified in the tariffs in effect at the time . .."

It is unnecessary for us to trace the federal and state decisions dealing with the problem presented. We could not improve upon the scholarly and thorough opinion of Judge Wasserstrom in *Interstate Motor Freight System v. Wright Brokerage Company,* 539 S.W.2d 764 (Mo.App.1976). It is sufficient to say that a mistaken undercharge by a carrier does not estop the carrier from recovering the full amount of the tariff rate. Nor does estoppel apply where the bill of lading indicates prepayment, except in those situations in which a consignee is misled into paying the consignor the full freight charge in reliance upon the bill of lading. There estoppel applies in a suit against the consignee because the carrier's error or deliberate misrepresentation would subject the consignee to paying the full amount of the charges twice.

That is not the situation here. Defendant is both consignor and consignee. Neither he nor anyone else has ever paid the full amount of the tariff for this move. The tariffs are public documents of which defendant is conclusively bound to have constructive knowledge and he may not rely upon the carrier's error causing an undercharge. *Interstate Motor Freight System, supra,* [2]. While the rule may at times appear harsh, it is in accord with the public policy conceived by the Congress in enacting the Interstate Commerce Act to prevent carriers from granting discriminatory rates.

Defendant's further affirmative defenses of waiver and payment are also unavailing. Plaintiff did not intentionally relinquish a known right nor under the law could it. Defendant has not made full payment required under law.

Plaintiff's motion for summary judgment, supported by uncontroverted affidavits, should have been granted. Judgment reversed, cause remanded for entry of judgment for plaintiff in the amount of $404.35 plus interest from April 8, 1974.

McMILLIAN, P. J., and STEWART, J., concur.